**LEWIS BRISBOIS BISGAARD & SMITH LLP**
STEVEN G. GATLEY, SB# 155986
JAMIE L. VELS, SB# 156469
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800; Facsimile: (213) 250-7900
Email:   gatley@lbbslaw.com
         vels@lbbslaw.com

Attorneys for Defendant,
CLARKE MOSQUITO CONTROL PRODUCTS, INC.,
erroneously sued as Clarke Mosquito Control, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MILLER, | CASE NO. C 05 00203 JSW |
| Plaintiff, | ***VIA E-FILING*** |
| v. | **STIPULATION TO EXTEND ALL LITIGATION DATES; AND [PROPOSED] ORDER** |
| CLARKE MOSQUITO CONTROL, an Illinois Corporation; DOW CHEMICAL dba DOW AGROSCIENCES, an Indiana Corporation; DOES 1 to 40, inclusive, | |
| Defendants. | |

TO THE COURT AND ALL ATTORNEYS OF RECORD:

Plaintiff MICHELLE MILLER ("Plaintiff") alleges both an action for negligence and products liability. Plaintiff alleges that she was exposed to Mosquito Mist and as a result was injured. Mosquito Mist is a larvecide that Defendant CLARKE MOSQUITO CONTROL PRODUCTS, INC. ("Clarke Mosquito") formulated and distributed. Plaintiff contends that Clarke Mosquito had knowledge of the hazards to humans, and by not adequately warning of the dangers of the product, it breached its duty of care to Plaintiff. She contends she was exposed to Mosquito Mist while living in the Cayman Islands. The application of Mosquito Mist was allegedly done by the Mosquito Control Research Unit ("MCRU"), a division of the Cayman Islands' government.

///

The Parties request that the Court grant an Order extending by at least 90 days, all of the following dates:

| | | |
|---|---|---|
| 1. | Mediation cut-off date : | December 30, 2005 |
| 2. | Fact/Discovery cut-off date: | January 13, 2006 |
| 3. | Further Case Management Conference: | January 27, 2006 |
| 4. | Plaintiff's Expert Reports Disclosure: | March 16, 2006 |
| 5. | Last day to hear dispositive motions: | Friday, March 17, 2006 |
| 6. | Defendant's Expert Reports Disclosure: | April 14, 2006 |
| 7. | Pre-trial Status Conference: | May 22, 2006 |
| 8. | Trial: | June 16, 2006 |

For the foregoing reason it is respectfully requested that these dates be continued.

- Plaintiff has recently changed attorneys. Her previous counsel was Stephen Wallace. Her new counsel is Roger Rubin.

- The incident occurred in the Cayman Islands. The Cayman Islands is a foreign government. Plaintiff underwent extensive medical treatment and testing in the Cayman Islands. Defendant has had a difficult time obtaining the medical records from the Cayman Islands and to date, defendant does not have all of plaintiff's medical records from the Cayman Islands.

- Defendant has also been trying to obtain the spraying/fogging records from the Mosquito MCRU of the Cayman Islands. It is critical to review these records to determine dates of spraying and also which products were sprayed. The Cayman Islands used different products, manufactured and distributed by different companies, not parties currently to this lawsuit, to abate. In addition, Ms. Miller had extensive contacts with MCRU and those records are also relevant.

- Defendant is in the process of retaining liability and medical experts. These experts will need to examine plaintiff's medical records and the records from the Cayman Islands. Without these records, a determination regarding liability and damages will be difficult.

- Discovery may be necessary in the Cayman Islands including depositions of pertinent

1  government officials and site inspection of the location where the spraying occurred.
2  It may also be necessary to examine and test Ms. Miller's home in the Cayman Islands.
3  • It is also a possibility that defendants will need to cross-complain against the Cayman
4  Islands' government, if it is determined that they improperly applied/sprayed defendant's
5  product.

6  The assigned Mediator is Gregory Wilson of Wilson & Quint. Mr. Wilson has been advised the parties will be seeking a continuance. (See the attached email from Mr. Wilson.) Mr. Wilson will not be available between March 1-31, 2006. Therefore, it is respectfully requested that the Mediation completion date take place either in late February or early April.

Plaintiff and Clarke Mosquito combined through their respective attorneys of record, hereby stipulate, subject to the Court's approval, that all litigation dates be extended for at least 90 days.

Plaintiff and Clarke Mosquito request this extension of all litigation dates in order to properly prepare this litigation including having a meaningful Mediation. This Stipulation is not being filed for delay purposes.

Dated: December 14, 2005         LEWIS BRISBOIS BISGAARD & SMITH LLP

                                  By: _____
                                  Steven G. Gatley, Esq.
                                  Attorneys for Defendant
                                  CLARKE MOSQUITO CONTROL PRODUCTS, INC.,

Dated: December 13, 2005         LAW OFFICES OF ROGER RUBIN

                                  By: _____
                                  Roger Rubin, Esq.
                                  Attorneys for Plaintiff
                                  MICHELLE MILLER

[~~PROPOSED~~] ORDER

Based upon the Stipulation by and between Plaintiff and Clarke Mosquito, it is ordered that the parties shall have an extension of the scheduled litigation dates as follows:

1. Mediation cut-off date: March 31, 2005

4837-2382-2080.1                          -3-
STIPULATION TO EXTEND ALL LITIGATION DATES; AND [~~PROPOSED~~] ORDER

2. Fact cut-off date: April 14, 2006

3. Further Case Management Conference: April 28, 2006 at 1:30 p.m.

4. Plaintiff's Expert Reports are due: June 15, 2006

5. Last day to hear dispositive motions: June 23, 2006 at 9:00 a.m.

6. Defendant's Expert Reports are due: July 14, 2006

7. Pre-trial Status Conference: August 21, 2006 at 2:00 p.m.

8. Trial is scheduled to begin on: September 11, 2006 at 8:30 a.m.

IT IS FURTHER ORDERED: _____

Dated: December 15, 2005

Honorable Jeffrey S. White

4837-2382-2080.1

-4-

STIPULATION TO EXTEND ALL LITIGATION DATES; AND [PROPOSED] ORDER